IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:22-cv-00458-PAB-GPG**

KEIFER WENANDE,

        Plaintiffs,

vs.

UNITED HEALTHCARE BENEFITS PLAN OF CALIFORNIA,

        Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Keifer Wenande, by and through undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits this Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Keifer Wenande, is a natural person and citizen of the State of Colorado, with a current address of 1367 Clemson, Longmont, Colorado 80503.

2. Defendant, UnitedHealthcare Benefits Plan of California ("UHC"), is a corporation and/or similar business entity which regularly conducts business in the State of Colorado, including but not limited to the advertisement, sale, processing and adjustment of health insurance claims. According to the Plan documents this Defendant is known as United Healthcare, at 5701 Katella Avenue, Cypress, California 90630. According to public records, its

registered agent is service of process is the C T Corporation System, 28 Liberty Street, New York, New York 10005.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant UHC administered, insured, and/or otherwise funded an employee benefit plan which provides health insurance benefits to employees of Deel, Inc. The Plan is subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA"). Upon information and belief, the Plan has delegated to Defendant UHC its obligation to make all benefit decisions at issue in this claim, including regarding eligibility for health insurance benefits. Upon further information and belief, Defendant UHC also insures the Plan.

4. At all pertinent times, the Plaintiff's father, Mr. Steven Wenande, was an active and full-time employee of Deel, Inc. and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5. At all pertinent times, Plaintiff Kiefer Wenande was a dependent of Mr. Wenande and was therefore also a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

6. Thus, and at all pertinent times, was covered by the provisions of the Plan, including eligibility for health insurance benefits subject to the terms and conditions of the Plan.

## JURISDICTION AND VENUE

7.      This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including his rights under ERISA and the subject ERISA Plan/policy.

8.      Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

9.      At all pertinent times, Mr. Steve Wenande was employed by Deel, Inc.

10.     As an active and full-time employee of Deel, Mr. Wenande was eligible to, and did, participate in the Deel employee benefit plan (including health insurance benefits).

11.     Plaintiff Kiefer Wenande was a dependent of Steve Wenande, and was likewise covered by the Plan as a participant and/or beneficiary.

12.     The Plan provides medical benefits to its members and their beneficiaries, including coverage for reconstructive dental procedures to correct or repair congenital defects, abnormalities, trauma and/or other disease.

13.     In or around late 2021 Plaintiff Kiefer Wenande was diagnosed with a deformity of the jaw (a maxillary deficiency and mandibular prognathism, labial incompetence, mandibular hyperplasia, and possible TMJ), which required surgical repair.

14. The aforementioned conditions can cause serious health issues, including but not limited to choking, digestive issues and pain, and surgery was therefore recommended, and deemed medically reasonable and necessary.

15. Plaintiff's medical providers submitted multiple requests to Defendant for approval and payment of the procedure, including on January 13, 2022.

16. Defendant denied the claim (in part), alleging it was not medically necessary, categorizing the surgery as a "non-medical cosmetic procedure."

17. Because the surgery was not cosmetic, and was medically necessary and needed to address multiple health issues, the surgery was performed on or about January 19, 2022.

18. Thereafter, Plaintiff appealed the Defendant's decision on multiple occasions throughout 2022, and submitted an Independent Medical Review Application/Complaint Form to the State of California Department of Managed Healthcare on December 28, 2022.

19. On February 22, 2023, the State of California Department of Managed Healthcare sent a letter to the Plaintiff, through counsel, indicating that Defendant UHC is taking the position that the Plaintiff did not seek prior authorization, and the service is not therefore covered.

20. This was apparently based on representations made by the Defendant which were materially different from the prior justifications provided to Plaintiff by Defendant.

21. Defendant has approved and paid for other services related to the aforementioned surgery, determining they were reasonable, necessary and covered by the Plan.

22. According to the Plan documents, the aforementioned external review was the final appeal available to Plaintiff. Plaintiff has therefore exhausted all appeals required by the Plan.

23. At this time, Plaintiff's medical expenses, which were reasonable, necessary and covered by the Plan, have not been paid.

24. Plaintiff has suffered other injuries and losses including attorney fees, costs and interest.

### CLAIM FOR RELIEF:
### VIOLATION OF ERISA, WRONGFUL DNIAL OF BENEFITS
### PLAINTIFF V. DEFENDANT

25. At all pertinent times, Plaintiff was covered by the Plan, which included coverage for medical benefits, as set forth above.

26. At all pertinent times, Defendant was a claim fiduciary, and/or administrator of the Plan, and/or claim administrator, within the meaning of ERISA.

27. Defendant UHC was otherwise delegated the authority to administer claims for disability benefits by the Plan, and/or is a claim administrator within the meaning of ERISA.

28. Defendant is also the Plan's insurer.

29. At all pertinent times, Plaintiff met the criteria for health insurance benefits set forth above under the plan including that Plaintiff Kiefer Wenande required surgery for medical (and not cosmetic) reasons.

30.     Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

31.     Defendants' wrongful conduct includes, but is not limited to:

A.      Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians and/or healthcare providers and its own qualified consultant physician.

B.      Failing to provide an adequate review and appeal, including by not communicating all rationales to the Plaintiff for response;

C.      Failing to act in Plaintiff's best interest;

D.      Failing to consider credible evidence of medical necessity;

E.      Failing to reasonably interpret and apply the terms of the Plan;

F.      Failing to conduct a reasonable investigation; and

G.      Relying on medical guidelines and/or other documents that were not properly disclosed to Plan members.

32.     Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including expenses for necessary and appropriate treatment.

## **DAMAGES**

33. The Defendants' above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of health insurance benefits and related expenses. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, the Plaintiff requests judgment and damages against Defendant UHC and/or the Plan as follows:

> A. A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;
>
> B. Retroactive reinstatement of health insurance benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b).
>
> C. Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law.
>
> D. Interest on any awards at the highest rate allowed by law as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(1).
>
> E. Such other and further relief as this Court deems just and appropriate; and
>
> F. Any and all penalties authorized by ERISA, including but not limited to for Defendant's failure to produce documents required by law.

Respectfully submitted this 17th day of April, 2023.

SILVERN & BULGER, P.C.

s/Thomas A. Bulger, Esq.
Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile: (303) 292-1466
counsel@silvernbulger.com

**Plaintiff's address**:
1367 Clemson
Longmont, CO 80503